# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| JEROME ELLIS, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:17-CV-171 (LAG) (TQL) |
| DR. WOOD, *et al.*, | : |
| Defendants. | : |

## **ORDER**

Before the Court are Plaintiff's latest Motions, including his Motion to Waive All Fees Due to Fraud for Extraordinary Reasons (Doc. 504), Motion for Leave to Proceed In Forma Pauperis (IFP) to Perpetuate Defendant's Testimony (Doc. 505), Motion to Stay (Doc. 507), and Motion to Withdraw and Recommence Action (Doc. 508). In Plaintiff's Motion to Waive All Fees, Plaintiff "moves the Court for waiver of all fees on all [D]efendants in their individual capacity acting under color of state law." (Doc. 504 at 1). Additionally, Plaintiff again—for at least the sixteenth time—objects to the Court's dismissal of all Defendants in this case. (*Id.* at 3–4; *see* Docs. 360, 362, 364, 374, 387, 392, 407, 415, 422, 432–35, 450, 452, 457, 464). Plaintiff's Motion to Proceed IFP seeks to permit Plaintiff to "proceed *in forma pauperis* to perpetuate Defendants' testimon[ies]." (Doc. 505 at 1). Plaintiff's Motion to Stay seeks the appointment of counsel rather than a stay of the case. (Doc. 507). Last, Plaintiff's Motion to Withdraw and Recommence Action seeks to withdraw "all leaves to intervene filed in this case" and to "recommence [this] action . . . on all [D]efendants." (Doc. 508 at 1).

As judgment has been entered in favor of Defendants, Plaintiff's Motions (Docs. 504, 505, 507, 508) are **DENIED as moot**. To the extent Plaintiff raises objections and seeks to "recommence" this case, the Court construes these as a Motion for Relief from a Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) provides

a party with an avenue to seek relief "from final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Under Rule 60(b), a court can provide relief for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Id.* Even with a liberal reading of Plaintiff's Motions, Plaintiff does not assert any of the first five circumstances. (*See* Doc. 504 at 3–4; Doc. 508 at 1, 3). Nor does the "catch-all provision" of Rule 60(b)(6) provide a basis for the relief sought by Plaintiff. *See, e.g.*, *United States v. Walbridge Aldinger Co.*, No. 3:11-cv-403-J-20TEM, 2012 WL 12904777, at *1 (M.D. Fla. Oct. 22, 2012) (assuming a party argued under Rule 60(b)(6) when it failed to assert the first five circumstances). Relief under Rule 60(b)(6) "is intended 'only for extraordinary circumstances.'" *Olmstead v. Humana, Inc.*, 154 F. App'x 800, 805 (11th Cir. 2005) (per curiam) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000)). A party seeking relief under Rule 60(b)(6) has "the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citing *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)). Plaintiff fails to meet his burden as Plaintiff's Motions do not cite any justification whatsoever. Accordingly, to the extent Plaintiff requests relief from a judgment or order, that request is **DENIED**.

The Court additionally finds that Plaintiff's insistence on repeatedly filing nonsensical, frivolous motions and frivolous civil actions in this Court is both vexatious and abusive.[1] Since the Court dismissed Plaintiff's Complaint, Plaintiff has filed

---

[1] A review of court records on the Federal Judiciary's Public Access to Court Electronic Records (PACER) database reveals the Plaintiff has filed several lawsuits in federal court and that at least three of his complaints or appeals have been dismissed as frivolous, malicious, or for failure to state a claim. *See Ellis v. Moody*, No. 7:12-CV-85 (HL), (Doc. 51) (M.D. Ga. June 25, 2014) (adopting an R&R which

approximately 111 motions or notices rehashing the same allegations and objections—all of which have been denied. (*See* Docket). Moreover, Plaintiff has appealed eleven times in this matter alone (Docs. 65–66, 80, 158, 182, 215, 238, 259, 369, 429, 468), and each appeal has been denied. (*See* Docs. 82, 103, 224, 232, 338, 361, 368, 385, 417, 428, 461, 479). Recently, in a separate case transferred to the Southern District of Georgia, the court directed the Clerk of Court to stop accepting further filings "except for a single notice of appeal" due to Plaintiff's excessive motions which were "characterized as general grievances and reassertions of Plaintiff's claim." *See Ellis v. Oliver*, No. 3:20-cv-33-DHB-BKE, (Doc. 53 at 1) (S.D. Ga. Oct. 5, 2020).

The Eleventh Circuit has explained that "[a]ccess to the courts is unquestionably a right of considerable constitutional significance," but it is "neither absolute nor unconditional." *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (citations omitted). "Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons. Frivolous and vexatious law suits threaten the availability of a well-functioning judiciary to all litigants." *Id.* Accordingly, "district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants." *Id.* Such restrictions, however, must be measured and tailored to the specific circumstance and should seek to protect access to the courts for litigants. *See Smith v. United States*, 386 F. App'x 853, 857–58 (11th Cir. 2010) (per curiam). The Eleventh Circuit has "upheld an injunction prohibiting a frequent litigant from filing any new actions against his former employer without first obtaining leave of the court; an injunction directing the clerk to mark any papers submitted by a frequent litigant as received but not to file the documents unless a judge approved them for filing; and an injunction ordering a frequent litigant to send all pleadings to a judge for prefiling approval." *Id.* (internal citations omitted).

---

dismissed Plaintiff's complaint for failure to state a claim); *Ellis v. Allen*, No. 7:14-CV-79 (HL) (TQL), (Doc. 10) (M.D. Ga. July 25, 2014) (dismissing complaint as frivolous); *Ellis v. Hart*, No. 09-11660-C (11th Cir. June 19, 2009) (dismissing appeal as frivolous); *Ellis v. Danforth*, No. 13-13760-A (11th Cir. Apr. 17, 2014) (dismissing appeal as frivolous).

Furthermore, in *Cofield v. Alabama Public Service Commission*, the Eleventh Circuit upheld district court's dismissal with prejudice of all the prisoner-plaintiff's pending suits and enjoined him from filing "any complaints or papers in the future" without prior, judicial approval. 936 F.2d 512, 514–19 (11th Cir. 1991).

Plaintiff has engaged in a well-documented practice of filing frivolous and vexatious litigation. Accordingly, the Court hereby **ORDERS** as follows:

1. The Court certifies, pursuant to 28 U.S.C. § 1915, that an appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is **DENIED** for appeal.

2. In light of Plaintiff's history of frivolous and vexatious filings and to curb further abuse, the Court imposes the following sanctions for a period of **one year** (to run from the date that this Order is filed) on all civil actions Plaintiff seeks to initiate:

    A. The Clerk shall receive the papers that Plaintiff submits, open a miscellaneous case number, and forward the documents to the presiding District Judge to determine whether Plaintiff qualifies as indigent and whether he has stated a claim with any arguable merit.

    B. Upon receipt, the Court will read and consider Plaintiff's filings. Only if a given pleading alleges a plausible claim for relief will the Court allow it to be filed. *See* 28 U.S.C. § 1915(e)(2).

3. With the exception of motions to proceed on appeal *in forma pauperis*, the Clerk shall docket motions or papers in any previously dismissed cases as a notice of filing rather than a motion. This includes the following cases:

    - *Ellis v. Berry*, No. 1:17-CV-171 (LAG) (TQL) (M.D. Ga. 2017)
    - *Ellis v. Berry*, No. 1:19-CV-76 (LAG) (TQL) (M.D. Ga. 2019)
    - *Ellis v. Hart*, No. 7:07-CV-11 (HL) (RLH) (M.D. Ga. 2007)
    - *Ellis v. Moody*, No. 7:12-CV-85 (HL) (M.D. Ga. 2012)
    - *Ellix v. Allen*, No. 7:14-CV-79 (HL) (TQL) (M.D. Ga. 2014)

    Such documents shall be retained for appellate and historical purposes only. If a notice of appeal is filed, the Clerk shall forward a copy of this Order, the notice of

4

appeal, and the dismissed complaint or petition to the Eleventh Circuit Court of Appeals. Plaintiff shall remain responsible for appellate filing fees (or he may move this Court for *in forma pauperis* status on appeal, per Rule 24 of the Federal Rules of Appellate Procedure).

These filing restrictions do not apply to any criminal case in which Plaintiff is named as a defendant, or to any proper (e.g., non-successive) application for a writ of habeas corpus. The Court notes, however, that Plaintiff simply labeling a pleading as "habeas corpus" will not escape this Order. As substance—not form—governs, the Court will review all filings regardless of how they are styled in accordance with the parameters set forth above.

Once these restrictions expire, Plaintiff must ensure that any future litigation he commences follows the Federal Rules of Civil Procedure and this Court's Local Rules. Failure to do so may result in the Court re-imposing these restrictions for a longer duration.

**SO ORDERED**, this 23rd day of July, 2021.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**